Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California  95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
FLORA MARIE GIOVANNONI

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| FLORA MARIE GIOVANNONI,<br><br>Plaintiff,<br><br>v.<br><br>BIDNA & KEYS, A PROFESSIONAL LAW CORPORATION, a California corporation, HOWARD MICHAEL BIDNA, individually and in his official capacity, RICHARD DAVID KEYS, individually and in his official capacity, HARVEY MICHAEL MOORE, individually and in his official capacity, and ANGELA CHRISTINE DAWSON, individually and in her official capacity,<br><br>Defendant. | Case No.  C05-01654-JF-HRL<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*. |

Plaintiff, FLORA MARIE GIOVANNONI (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I.  INTRODUCTION**

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

6. Plaintiff, FLORA MARIE GIOVANNONI (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

7. Defendant, BIDNA & KEYS, A PROFESSIONAL LAW CORPORATION, (hereinafter "B&K"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at 5120 Campus Drive, Newport Beach, Orange County, California 92660-2101. B&K may be served as follows: Bidna & Keys, Richard D. Keys, Agent for Service of Process, 5120 Campus Drive, Newport Beach, Orange County, California 92660-2101. The principal business of B&K is the collection of debts using the mails and telephone, and B&K regularly attempts to collect debts alleged to be due another. B&K is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

-2-

1    8.    Defendant, HOWARD MICHAEL BIDNA, (hereinafter "BIDNA"), is a
2 natural person and licensed attorney in the state of California.  BIDNA may be served at his current
3 business address at: Howard Michael Bidna, Bidna & Keys, APLC, 5120 Campus Drive, Newport
4 Beach, Orange County, California  92660-2101 and at his residence address at: Howard Michael
5 Bidna, 51 Sunlight, Irving, Orange County, California  92612-3740.  BIDNA is a "debt collector"
6 within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges
7 that BIDNA is liable for the acts of B&K because he sets and approves B&K collection policies,
8 practices, procedures and he directed the unlawful activities described herein.

9    9.    Defendant, RICHARD DAVID KEYS, (hereinafter "KEYS"), is a natural
10 person and licensed attorney in the state of California.  KEYS may be served at his current business
11 address at: Richard David Keys, Bidna & Keys, APLC, 5120 Campus Drive, Newport Beach,
12 Orange County, California 92660-2101 and at his residence address at: Richard David Keyes, 1551
13 La Loma Drive, Santa Ana, Orange County, California  92705-3030.  KEYS is a "debt collector"
14 within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges
15 that KEYS is liable for the acts of B&K because he sets and approves B&K collection policies,
16 practices, procedures and he directed the unlawful activities described herein.

17    10.   Defendant, HARVEY MICHAEL MOORE, (hereinafter "MOORE"), is a
18 natural person and licensed attorney in the state of California.  MOORE may be served at his current
19 business address at: Harvey Michael Moore, Bidna & Keys, APLC, 5120 Campus Drive, Newport
20 Beach, Orange County, California  92660-2101 and at his residence address at: Harvey Michael
21 Moore, 7814 E. Broadmoor Trail, Orange, Orange County, California  92869-2411.  MOORE is a
22 "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

23   11.    Defendant, ANGELA CHRISTINE DAWSON, (hereinafter "DAWSON"),
24 is a natural person and licensed attorney in the state of California.  DAWSON may be served at her
25 current business address at: Angela Christine Dawson, Bidna & Keys, APLC, 5120 Campus Drive,
26 Newport Beach, Orange County, California  92660-2101 and at her residence address at: Angela
27 Christine Dawson, 24741 Camden Court, Laguna Niguel, Orange County, California  92677-2192.
28 DAWSON is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

-3-

12. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

13. On a date or dates unknown to the Plaintiff, Plaintiff incurred a financial obligation, namely a credit card account issued by Discover Bank and bearing the account number XXXX-XXXX-XXXX-1782 (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. Sometime thereafter on a date unknown to the Plaintiff, the debt was consigned, placed, or otherwise transferred to Defendants for collection from the Plaintiff.

15. Thereafter Defendants sent a collection letter (Exhibit "2") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. The collection letter was sent in an envelope, a true and accurate copy of which is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17. The collection letter was sent in an envelope (Exhibit "1") on which a postage cancellation stamp dated May 7, 2004 was imprinted.

18. Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope (Exhibit "1") containing the collection letter in the United States Mail on or about May 7, 2004.

19. Plaintiff received the envelope (Exhibit "1") containing the collection letter from Defendants on or after May 8, 2004.

20. The collection letter was sent in an envelope (Exhibit "1") which contained a window through which information printed on the collection letter could be seen by anyone who handled the collection letter.

21. A true and accurate copy of the collection letter from Defendants to Plaintiff

-4-

1  is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

2        22.      The collection letter (Exhibit "2") is dated May 5, 2004.

3        23.      The collection letter (Exhibit "2") was the first and only communication from Defendants that was received by the Plaintiff in connection with the collection of the debt owed to Discover Bank.

6        24.      The collection letter (Exhibit "2") states:

> Unless you notify me *in writing* of a dispute regarding the validity of the debt, or any portion thereof, within 30 days after receiving this letter, we will assume that the debt is valid. (emphasis added)

9        25.      Plaintiff is informed and believes, and thereon alleges that her consumer credit card account with Discover Bank was opened at a time when Plaintiff resided in Santa Clara County, California and she signed the credit card application for her Discover Bank account in Santa Clara County, California. Thereafter, the Plaintiff resided continuously in Santa Clara County, California, until the present day.

14      26.      Plaintiff is informed and believes, and thereon alleges that on or about July 27, 2004, Defendants brought a legal action in the Superior Court of the State of California, County of San Joaquin - Stockton Branch, against the Plaintiff in an attempt to collect the consumer debt owed to Discover Bank. The action was captioned *Discover Bank fka Greenwood Trust Company v. Flora M Giovannoni* and was assigned case number SV-249474.

### VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

21      27.      Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

23      28.      Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 26 above.

25      29.      Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

27      30.      Defendant, B&K, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

-5-

31. Defendant, BIDNA, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

32. Defendant, KEYS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33. Defendant, MOORE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

34. Defendant, DAWSON, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

35. The financial obligation owed to Discover Bank by the Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

36. The collection envelope (Exhibit "1") described above violates the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants communicated with third parties in connection with the collection of a debt from the Plaintiff without the Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

    b. Defendants' display and publication of the Plaintiff's personal financial information to third parties in connection with the collection of a debt from the Plaintiff is conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff, in violation of 15 U.S.C. § 1692d;

    c. Defendants published the Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3); and

    d. Defendants' display and publication of the Plaintiff's personal financial information to third parties in connection with the collection of a debt from the Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

37. The collection letter (Exhibit "2") described above violates the FDCPA. The

-6-

violations include, but are not limited to, the following:

    a.    Defendants required that disputes be in writing to prevent the Defendants from considering the debt valid, in violation of 15 U.S.C. § 1692g(a)(3).

38.    Defendants have further violated the FDCPA in the following respects:

    a.    Defendants brought a legal action against the Plaintiff to collect a consumer debt owed to Discover Bank in a judicial district other than the judicial district in which the Plaintiff signed the contract sued on or in the judicial district in which the Plaintiff resided at the commencement of the action, in violation of 15 U.S.C. § 1692i(a).

39.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

40.    As a result of the Defendants' violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

## VIII. REQUEST FOR RELIEF

The Plaintiff requests that this Court:

a.    Assume jurisdiction in this proceeding;

b.    Declare that Defendants' collection envelope attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(3), and 1692f;

c.    Declare that Defendants' collection letter attached hereto as Exhibit "2" violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(3);

d.    Declare that Defendants' violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a);

e.    Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f.    Award the Plaintiff the costs of this action and reasonable attorneys fees pursuant to

-7-

FIRST AMENDED COMPLAINT    Case No. C05-01654-JF-HRL

15 U.S.C.§ 1692k(a)(3); and

g.   Award the Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn  
Fred W. Schwinn, Esq.  
Attorney for Plaintiff  
FLORA MARIE GIOVANNONI

## **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn  
Fred W. Schwinn, Esq.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, FLORA MARIE GIOVANNONI, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn  
Fred W. Schwinn, Esq.

-8-

FIRST AMENDED COMPLAINT                                                                                   Case No. C05-01654-JF-HRL