**E-Filed 2/3/2006**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FLORA MARIE GIOVANNONI,<br><br>    Plaintiff,<br><br>    v.<br><br>BIDNA & KEYS, A PROFESSIONAL LAW CORPORATION, et al.,<br><br>    Defendants. | Case Number C 05-01654 JF (HRL)<br><br>ORDER[1] GRANTING IN PART MOTION FOR ATTORNEY FEES<br><br>[Docket No. 22] |

On April 20, 2005, Plaintiff Flora Marie Giovannoni ("Giovannoni") filed a complaint against Defendants Bidna & Keys, A Professional Law Corporation, Howard Michael Bidna, Richard David Keys, Harvey Michael Moore, and Angela Christine Dawson, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. On May 10, 2005, Giovannoni filed an amended complaint, following communications between Defendants and Plaintiff's counsel. On June 6, 2005, Defendants served Giovannoni with their first Offer of Judgment, which Giovannoni rejected. On August 11, 2005, Defendants served Giovannoni with

---

[1] This disposition is not designated for publication and may not be cited.

their second Offer of Judgment, which Giovannoni accepted. On October 7, 2005, this Court entered judgment, awarding Giovannoni $1,001.00 plus an amount to be determined by this Court for reasonable attorney fees and costs.

On October 21, 2005, Giovannoni filed the instant motion for attorney fees and costs. Giovannoni's counsel, Fred W. Schwinn ("Schwinn"), requests attorney fees in the amount of $8,677.50 and costs and expenses in the amount of $511.10. On November 17, 2005, the clerk of the court taxed costs in the amount of $250.00. Accordingly, the Court considers only the request for attorney fees in the amount of $8,677.50, which includes fees for hours worked by Schwinn and his student law clerk.[2] On November 3, 2005, Defendants filed opposition to Giovannoni's motion for attorney fees. On November 14, 2005, Giovannoni filed a reply.

In opposition, Defendants alleged that Giovannoni might not have known anything about what has happened in this case. Schwinn's reply brief on behalf of Giovannoni contained no response this allegation. Accordingly, the Court issued an order directing Giovannoni to appear in person or submit a declaration under penalty of perjury setting forth the extent of her knowledge of the instant proceedings. On January 28, 2006, Giovannoni submitted a declaration in which she explained, to the Court's satisfaction, the circumstances that led to Defendants' allegations that she might not have known about the instant case. Giovannoni Decl. She stated "that from the time before this case was filed through the present day, Mr. Schwinn has fully informed [her] about this case." *Id.*, ¶ 11. On February 3, 2006, the Court heard oral argument.

Because the Court is satisfied that Giovannoni has knowledge of the instant case, the issue presently before the Court is what amount of attorney fees is reasonable. Schwinn has submitted to the Court detailed billing records showing that he and his law clerk worked a total of 39.8 hours representing Giovannoni. He adjusted this figure down by 16.33% to 33.3 hours. Of these, 25.8 hours were performed by Schwinn, billed at a rate of $300.00 per hour, and 7.5 hours were performed by his law clerk, billed at a rate of $125.00 per hour. Schwinn is an

---

[2] At oral argument, Schwinn raised the issue of whether the clerk of the court's decision to tax costs in the amount of $250.00 was correct. However, because this issue has not been raised in a properly noticed motion, the Court will not consider it.

attorney experienced in representing plaintiffs in FDCPA cases.  He acknowledges that Giovannoni's claims in the instant case were "not novel or difficult to resolve."  However, he notes that his hours were increased by his "unyielding approach," in which he rejected Defendants' first offer of judgment.  Schwinn also notes that prior to his across-the-board 16.33% reduction in hours, he "made a special effort to eliminate any attorney and staff time that might be duplicative of work done by others or might have been avoided by optimum economy."  Defendants oppose Giovannoni's motion for attorney fees and costs, claiming that it is unreasonable and requesting that the Court award no attorney fees or no more than $1,000 in total fees and costs.  They argue Schwinn unreasonably refused settlement offers and raised the amount he demanded for settlement.  Further, they argue that Schwinn used the fact that the FDCPA contains attorney fee provisions "to threaten and obtain settlements in excess of any reasonable value of any benefit he provides to his client or the public in general."

The Court concludes that $8,677.50 in attorney fees is excessive.  Although this dispute was prolonged by both parties, the instant case nevertheless is not fundamentally novel or difficult.  Accordingly, the Court will grant attorney fees in the amount of $4,338.75, half of the amount requested by Schwinn.  At oral argument, Schwinn indicated that he may file a motion for additional attorney fees incurred since the original motion was filed.  The Court advises Schwinn that the Court would not grant such a motion because, as the Court indicated at oral argument, the confusion regarding whether Giovannoni was aware of the proceedings in the instant case could have been resolved quickly between the parties.

IT IS SO ORDERED.

DATED: February 3, 2006

_____
JEREMY FOGEL
United States District Judge

Case No. C 05-01654 JF (HRL)
ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES
(JFLC1)

1  This Order has been served upon the following persons:

2  Harvey M. Moore            hmoore@bidnakeys.com

3  Frederick William Schwinn   cand_cmecf@sjconsumerlaw.com,
                               fred.schwinn@sjconsumerlaw.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 05-01654 JF (HRL)
ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES
(JFLC1)