**E-Filed 3/20/2006**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FLORA MARIE GIOVANNONI,<br><br>  Plaintiff,<br><br>  v.<br><br>BIDNA & KEYS, A PROFESSIONAL LAW CORPORATION, et al.,<br><br>  Defendants. | Case Number C 05-01654 JF (HRL)<br><br>ORDER[1] DENYING MOTION TO ALTER OR AMEND JUDGMENT<br><br>[Docket No. 34] |

On February 3, 2006, this Court issued an order granting in part and denying in part the motion for attorney's fees filed by Plaintiff Flora Marie Giovannoni ("Giovannoni"). The Court concluded that the $8,677.50 in attorney fees requested by Giovannoni's counsel, Fred W. Schwinn ("Schwinn"), was excessive, and granted attorney fees in the amount of $4,338.75. On February 13, 2006, Giovannoni filed a motion to alter or amend this judgment, pursuant to Federal Rule of Civil Procedure 59(e), on the ground that the Court did not explain the reasons underlying its decision to award only half of the requested fees. Defendants oppose the motion.

---

[1] This disposition is not designated for publication and may not be cited.

1  Schwinn set a hearing date of March 31, 2006 for the instant motion. However, in its discretion,
2  the Court concludes that this motion is appropriate for disposition without oral argument
3  pursuant to Civil Local Rule 7-1(b). By this order, the hearing date will be vacated, and the
4  Court will decide the instant motion on the submitted papers. Because the Court did consider the
5  relevant factors and the detailed billing records prior to issuing its previous Order, the Court will
6  deny the instant motion. However, the Court will offer a more detailed explanation of its
7  reasoning.

8       As the Court noted in its previous Order, the instant case is not fundamentally novel or
9  difficult. This represents just one of the grounds upon which the Court based its reduction of
10 fees. In his motion on behalf of Giovannoni, Schwinn argues that because the attorney fees were
11 increased by the "unyielding approach" of the Defendants, his attorney fees were reasonable.
12 However, the Court based its reduction of Schwinn's fees in part on its belief that Schwinn took
13 a similarly unyielding and, in some ways, unreasonable approach. As Defendants argued in their
14 papers and at oral argument on February 3, 2006, Schwinn prolonged settlement negotiations by,
15 for example, demanding *more* than originally demanded after having received Defendants'
16 counter-offer. On May 4, 2005, Harvey Moore ("Moore") received a letter from Schwinn
17 demanding $4,000 to settle the case. Moore Decl., ¶ 13. On July 26, 2005, Moore sent an e-mail
18 to Schwinn, summarizing their settlement negotiations: "It is my understanding that you were at
19 $4,000 and we offered $2,850. Surely, there is some mid-point between these numbers that we
20 can agree on." *Id*., Ex. 4. On August 4, 2005, Schwinn sent an e-mail to Moore in which he
21 demanded $6,000 to settle the case. *Id*., Ex. 5. He further warned Moore, "Please keep in mind
22 that these are fee shifting statutes. This means that our 'best settlement offer' will continue to
23 rise as I am required to spend more time on this matter. The more time it takes to resolve this
24 matter the more it will ultimately cost your company in attorney fees when the case is over.
25 Please govern yourself accordingly." *Id*.
26      Additionally, as Schwinn acknowledged at oral argument, Schwinn could have contacted
27 Defendants directly when he and Giovannoni were confused by the check and request for a
28 release of the judgment sent by Defendants. Instead, Schwinn decided to hold the check and wait

for judgment to be entered and the attorney fee issue to be resolved. Giovannoni Decl., ¶ 10. This caused additional delay and expense to all the parties, and indicates that Schwinn did not approach the settlement of the instant case an efficient and reasonable manner. Moreover, Schwinn's failure to address in his reply brief the questions regarding Giovannoni's failure to deposit her check—a failure that caused the Court to schedule oral argument and request additional filings—indicates that Schwinn was not paying careful attention to the details of the instant case.

Thus, the Court reduced Schwinn's requested attorney fees on the grounds that the case was neither novel nor difficult, that Schwinn unreasonably prolonged settlement negotiations, and that Schwinn did not represent Giovannoni as efficiently and effectively as would be expected of an attorney who bills $300 per hour. In considering these factors, the Court cannot identify specifically which of the hours billed by Schwinn should be reduced. Instead, the Court considered these factors generally, together with other factors demonstrating the various strengths of Schwinn's representation of Giovannoni, in reaching its conclusion that a reduction of the attorney fees request by half was appropriate. Accordingly, having carefully considered the evidence and arguments related to the motion for attorney fees, the Court will deny the instant motion to modify or amend the judgment.

IT IS SO ORDERED.

DATED: March 20, 2006

_____
JEREMY FOGEL
United States District Judge

1   This Order has been served upon the following persons:

2   Harvey M. Moore             hmoore@bidnakeys.com

3   Frederick William Schwinn   cand_cmecf@sjconsumerlaw.com,
                                fred.schwinn@sjconsumerlaw.com
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 05-01654 JF (HRL)
ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT
(JFLC1)